IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REGINALD BOYKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   Case No. 4:15-cv-00013-HEA<br>)<br>)<br>)<br>) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant LVNV Funding LLC ("Defendant" or "LVNV"), and, for its answer and affirmative defenses to the Plaintiff's Petition (Doc. 4, "Complaint"), admits, denies, and avers as follows:

### INTRODUCTION

1. Paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

2. Responding to the allegations in Paragraph 2, Defendant acknowledges Plaintiff's right to a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

3. Responding to the allegations in Paragraph 3, Defendant denies that its conduct was "illicit" and, as to the remainder of Paragraph 3, it contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

### PARTIES

4. Responding to the allegations in Paragraph 4, Defendant is without knowledge or information sufficient to either admit or deny the first sentence and, therefore, denies the same.

As to the second sentence contained in Paragraph 4, it is a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

5. Responding to the allegations in Paragraph 5, Defendant is without knowledge or information sufficient to either admit or deny whether the debt arises out of consumer, family, and household transactions, therefore, denies the same. As to the second sentence contained in Paragraph 5, Defendant admits that the alleged debt arises out of a credit account from Premier Bankcard, Inc.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant is without knowledge or information sufficient to either admit or deny the allegation in Paragraph 7 and, therefore, denies the same.

8. Responding to Paragraph 8, Defendant admits that a portion of its business relates to the recovery of debts that it owns. LVNV is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 8 and, therefore, denies the same.

9. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9 and, therefore, denies the same.

10. Defendant denies the allegations in Paragraph 10.

## FACTS

11. Defendant denies the allegations in Paragraph 11.

12. Responding to the allegations in Paragraph 12, Defendant admits only that it purchased the alleged debt.

13. Paragraph 13 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

14. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14 and, therefore, denies the same.

15. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 15 and, therefore, denies the same.

16. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 16 and, therefore, denies the same.

17. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 17 and, therefore, denies the same.

18. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 18 and, therefore, denies the same.

19. Defendant denies the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

21. Paragraph 21 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

22. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 22 and, therefore, denies the same.

23. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 23 and, therefore, denies the same.

24. Paragraph 24 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

25. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 25 and, therefore, denies the same.

26. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26 and, therefore, denies the same.

27. Defendant is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 27 and, therefore, denies the same.

## COUNT I:  ALLEGED VIOLATIONS OF THE FDCPA

28. Defendant incorporates by reference the above paragraphs.

29. Defendant denies the allegations in Paragraph 29, including all of its subparts.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

3. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate his damages, the existence of which damages Defendant specifically denies.

4. To the extent it is determined that Defendant violated the FDCPA, which Defendant specifically denies, any award of damages or attorneys' fees would be improper because any such violation would be *de minimis*, inconsequential and not material.

5. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper.

DATED this 12th day of January, 2015.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

By: /s/ Joshua C. Dickinson
Joshua C. Dickinson, #51446MO
12925 West Dodge Road, Suite 107
Omaha, NE 68154
(402) 965-8600  (telephone)
(402) 965-8601  (facsimile)
jdickinson@spencerfane.com

Patrick T. McLaughlin, #48633MO
1 North Brentwood Blvd., Suite 1000
St. Louis, MO  63105
(314) 863-7733  (telephone)
(314) 862-4656  (facsimile)
pmclaughlin@spencerfane.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 12th day of January, 2015, with notice of case activity generated and sent electronically to:

Richard A. Voytas, Jr.
Voytas & Company
1 North Taylor Ave.
St. Louis, MO 63108

*Attorney for Plaintiff*

/s/ Joshua C. Dickinson